UNITY STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 0 2008

Clerk, U.S. District and
Bankruptcy Courts

GEORGE GRIGSBY
    PETITIONER *LAWRENCE STREET*
1039 W Lawrence
Chicago, Ill 60640

JUDGE MARY THOMAS
CIRCUIT COURT OF
COOK COUNTY ILLINOIS
    RESPONDEN

Case: 1:08-cv-00869
Assigned To : Walton, Reggie B.
Assign. Date : 5/20/2008
Description: Habeas Corpus/2255

A PETITION FOR WRIT OF HABEAS
CORPUS PURSUANT TO 28 USC 2241
2254;

PENDING BEFOR THE COURT IS PETITIONER PRO,SE
PETITION FOR WRIT OF HABEAS CORPUS,PETITIONER
APPEARS TO CHALLENGE THE DECISION OF JUDGE
MARY MAXWELL OR JUDE THOMAS OF THE CIRCUIT
COURT OF COOK COUNTY ILLINOIS TO PLACE HIM IN
A MENTAL HEALTH INSTITUTION WITH OUT A GRAND
JURY INDICTMENT,PETITIONER ALSO APPEARS TO BE
CHALLENGING THE FACT THAT HIS CONFINEMENT
DID NOT HAVE GROUND,BECAUSE THERE WAS NO
INDICTMENT,
GEORGE GRIGSBY,HAVE HAD ALREADY DID THE TIME
FOR THE CASE AND THIS WAS ONLY END 11END
STATE CASE FOR MISDEMEANOR,FROM MISDEMANOR
COURT WHERE HE DID 60 DAY FOR THE CASE;
THE PROPER RESPONDENT IS HABEAS CORPUS TO
CHALLENGING PRESENT PHYSICAL CONFINEMENT
WHERE THE PETITIONER DID 6 YEAR OUT OF HIS LIFE
IN CHEASTER MEBTAL HEALTH,
THE PETITIONER CAME TO THE DISTRICT OF
COLUMBIA COURT,2 TIME ALREADY WHERE HIS
PETITION WAS DENIE AND PUT UNDER THE
JURISDICTION OF COOK COUNTY COURT THE JUDGE
THOMAS CHIF JUSTIICE SCENE THE PETITIONER ,TOLD
MR GEORGE GRIGSBY THAT HE WOULD NOT HERE
THE CASE AND IF MR GEORGE GRIGSBY,WANTED HIS
CASE TO BE SCENE BY THE FEDERAL COURT THAT

1

WAS HIS RIGTH TO FILE A HABEAS CORPUS END FEDERAL,
SO THE PETITIONER IS ASKED THE COURT TO REHERE HIS CASE'SO THE PETTITIONER THE COURT TO SENDED HIM TO A HOSPITAL;END WASHINGTON D,C, THE COURT THERE END WASHINGTON D,C, SCENE THE PETITIOPNER,AND THEY SAID THEY WOULD NOT HERE IT THERE SO THEY PUT THE CASE UNDER THE TERRITORIAL JURISDICTION OF THE STATE OF ILLINOIS SO IT WAS TRANSFER HERE AND THE COURT DID NOT HERE IT.
SO MR,GEORGE GRIGSBY, IS ASKING THE COURT TO PUT HIM END A HOSPITAL,END WASHINGTON D,C, WITH FEDERAL AID AND FEDERAL PROVISION,
MR GEORGE GRIGSBY IS A MAN UNDER THORN GOOD MARSHALL LAW FOR RED SEAL PEOPLE HE WOULD LIKE THE COURT TO SEE HIS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC,2241 2254,

GEORGE GRIGSBY
1039 W LAWRENCE
CHICAGO 60640

*[signature: George Grigsby]*
*1039 W Lawrence*
*Chicago Ill 60640*

TO: ILLINOIS DEPARTMENT OF HUMAN SERVICE.

DEPARTMENT OF HUMAN SERVICES/
DIVISION OF REHABILITATION SERVICES
401 SOUTH CLINTON
CHICAGO, ILL 60604

NOVEMBER 16, 2005

GEORGE GRIGSBY ;
1039 W LAWRENCE AVE
CHICAGO, ILL 60640

NATURE OF GRIEVANCE;

NOT GETTING ENOUGH MONEY OR STAMP;
TO TAKE PARTED INTO A FEDERAL PROGRAM

MR GEORGE GRIGSBY IS A PART OF THE REHABILITATION PROGRAM
AT 6200 N HIAWATHA AVE; SUIT 300 CHICAGO ILL., 60646
HIS COUNSELOR IS PHILLIP MILLER: 773-794-4830-FAX 773-794-4800 AND
HE HAS TO PAY TO GO BACK & FORTH TO THIS PROGRAM AND ALL
OVER HE CITY OF CHICAGO.
SO HE MUST HAVE A FULL CHICAGO PUBLIC AID CASE OR GENERAL
ASSISTANCE CASE AND NOT A WRITTEN UP ONE.  ALSO MR GEORGE GRIGSBY
CAME HERE FROM CHICAGO READ HOSPITAL WHERE HE WAS THERE AND
CHESTER FOR OVER 5 YEARS. FROM COURT I THINK IT IS THE DUTY OF THE
SOCIAL WORKER TO FIND THE COURT PAPER THAT COME WITH HIS CASE OR
SEND HIS CASE BACK TO THE 10 FLOOR; AT 2600 S CALIFORNIA. SAYING THAT MR
GEORGE GRIGSBY DID OVER 180 DAYS WITH OUT RECEIVING A CHECK;
OR THAT THE COURT DID NOT HAVE AND INDICTMENT.  AND HUMAN SERVICE
CANNOT PROCESS HIS CASE UNTIL THAT COURT PAPER IS FOUND. BY BEING
PART OF THIS PROGRAM IT'S THE DUTY OF THIS TO HAVE HUMAN SERVICE
LOOKED INTO THIS MATTER, AS SOON AS POSSIBLE.

SINCERELY,

*[signature: George Grigsby]*

GEORGE GRIGSBY

08-869

**FILED**

MAY 20 2008

Clerk, U.S. District and
Bankruptcy Courts

TO;JUVENILE JUSTICE DIVISION
CLERK OF THE CIRCUIT COURT OF COOK COUNTY
1100SOUTH HAMILTON ROOM 13
CHICAGO ILL 60612


FROM;MR GEOGRE GRIGSBY
     1039 W LAWRENCE
     CHICAGO ILL 60640


I'D WOULD LIKE TO REQUEST A COPY OF THE MASTER FILE OF MR GEORGE GRIGSBY THAT LIVED AT 627 N LAWNADLE AND1114 S 2AND AVE MAYWOOD ILLINOIS;ALL IMFORMATION IS ASKED FOR UNDER THE FREEDOM OF IMFORMATION ACT OF THE STATE OF ILLINOIS;


WHAT I'D AM LOOKING FOR IS A CASE WHERE MR GEORGE GRIGSBY WAS ORDER TO A HEBASE CORPUS WHEN HE WAS 17 YEAR OLD WHEN HE WAS ARRESTED FOR HAVING A FEDERAL GUM CASE AND DID NOT GO TO COURT BECAUSE OF THIS REASON JUDGE EVAN;IS HOLDING HIS NAME OUT OF FEDERAL COURT BECAUSE OF THE CASE HIS GUARDIAN HAD IN THE CITY OF MAYWOOD;AND A LEAN WAS PUT OF HIS NAME SO THEY COULD LIVE IN HIS HOUSE AT 1114 S 2AND AVE;MAYWOOD ILL;THIS IS SOMETHING I'D THINK CHIEF JUSTICE SHOULD LOOED AT,AND SEND FOR THE CITY OF CHICAGO TRUST OFFICE AND THE YEAR 1959;AND JUDGE EARL STRAYHORN;THE 5YEAR PEROID IS OVER AND I'D THINK IT IS THE DUTY OF THE CLERK TO CONACT JUDGE EARL STRAYHORN AT 2600 S HALF CALIFORNIA OR COURT ROOM 101;ALSO MR GEORGE GRIGSBY IS RED SEAL PERSON UNDER THUR GOOD MARSHALL LAW THAT WAS EXTRADITE TO THIS STATE HE SHOULD HAVE ATTORNEY FORM HIS OWN MASTER FILE BECAUSE JUDGE STRAYHORN IS NOT HERE ANY MORE;AND THE 5 YEAR PEROID IS OVER FOR THE STATE OF ILLINOIS TO BE OUT OF THIS NAME;


BY GEORGE GRIGSBY;

George Grigsby
1039 W. Lawrence
Chicago, IL 60640

September 21, 2005

Brian Fairchild
Freedom of Information Officer
Illinois Department of Corrections
1301 Concordia Court
P.O. Box 19277
Springfield, IL 62794-9277

Dear Mr. Fairchild:

I'm writing in response to your correspondence dated September 15, 2005 requesting that I submit my Freedom of Information request #50511017 in type written format.

My request is as follows: I would like to have a copy of my minimum papers for A-72471 and C-72471, which is a sixteen year bit and a four and a day year bit with good time credit. I'd also like a copy of the warrant that was used by the US Marshall's Office to extradite me out of the State Of California to appear in Judge Cousin's court room at 2600 S. California. I went from Gram State Institution and then to court from Danvelle. So I need a copy of the warrant with my minimum paper sent to the above address.

The requested information is made under the Freedom of Information Act of the State of Illinois. Your attention to this matter is greatly appreciated.

Sincerely,

*George Grigsby*

George Grigsby

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE GRIGSBY,              )<br>                              )<br>         Petitioner,         )<br>                              )<br>    v.                        )   Civil Action No. 07-158 (EGS)<br>                              )<br>MARY THOMAS                   )<br>Judge, Circuit Court of Cook )<br>County, Illinois,            )<br>                              )<br>         Respondent.          )<br>_____) | |

### ORDER

The Court has received correspondence from George Grigsby that he would like to include on the docket for Civil Case No. 07-158. This case was closed, however, on June 4, 2007 when it was transferred to the United States District Court for the Northern District of Illinois. This Court no longer has any jurisdiction over the case. Accordingly, it is by the Court hereby

**ORDERED** that the Clerk of the Court shall return all correspondence related to this case to petitioner George Grigsby; and it is

**FURTHER ORDERED** that petitioner George Grigsby shall not send any further correspondence related to Civil Case No. 07-158 to this Court. All correspondence that petitioner would like to have considered in his habeas case should be directed to the United States District Court for the Northern District of Illinois, which now has jurisdiction over this case.

SO ORDERED.

Signed:   Emmet G. Sullivan
          United States District Judge
          June 8, 2007

Notice to:

George Grigsby
A-72471
1039 W. Lawrence
Chicago, IL 60640

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE GRIGSBY, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 07-158 (EGS) |
| JUDGE MARY THOMAS, | ) |
| Respondent. | ) |

**ORDER**

Pending before the Court is petitioner's *pro se* petition for writ of habeas corpus. Petitioner appears to challenge the decision of Judge Mary Maxwell Thomas of the Circuit Court of Cook County, Illinois to place him in a mental health institution without a grand jury indictment. Petitioner also appears to be challenging the fact that his confinement based on his insanity plea has exceeded five years without a grand jury indictment. Finally, petitioner asks the Court to transfer him to a hospital in Washington, D.C.

The proper respondent in habeas corpus cases challenging present physical confinement is petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 438-39 (2004). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." See *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); see

*also* *McLaren v. United States*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoners are incarcerated). The custodian in this case if petitioner is in fact in state custody is the head of the mental health center in Illinois where petitioner is being held. From all indications, the head of Chester Mental Health Center is not within this Court's territorial jurisdiction and the Court therefore appears to lack jurisdiction to entertain the petition.

In *Chatman-Bey v. Thorburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988), the D.C. Circuit held that the district court may *sua sponte* transfer such cases to the appropriate jurisdiction after the habeas petitioner has been afforded notice and an opportunity to respond. Accordingly, it is hereby

**ORDERED** that petitioner shall show cause by **May 31, 2007** why this case should not be transferred to the United States District Court for the Northern District of Illinois; and it is

**FURTHER ORDERED** that petitioner's failure to respond to this Order will result in transfer of the case.

Signed:  Emmet G. Sullivan
         United States District Judge
         April 30, 2007

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE GRIGSBY,<br><br>      Petitioner,<br><br>     v.<br><br>MARY THOMAS<br>Judge, Circuit Court of Cook<br>County, Illinois,<br><br>      Respondent. | Civil Action No. 07-1582 (EGS) |

## MEMORANDUM OPINION

Pro se petitioner George Grigsby filed what he has labeled a petition for writ of habeas corpus on September 6, 2007. The petition names as the respondent Judge Mary Thomas. For numerous reasons, as detailed below, this Court *sua sponte* **dismisses** the petition without prejudice.

First, petitioner has styled his filing as a petition for writ of habeas corpus. However, he has not provided any facts suggesting that he is presently in custody nor does he allege any collateral consequence of previous incarceration that justifies his petition. *See Qassim v. Bush*, 466 F.3d 1073, 1076-77 (D.C. Cir. 2006). Moreover, petitioner has not indicated how Judge Mary Thomas could be his custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438-41 (2004) (indicating that the proper respondent is petitioner's custodian). Finally, if petitioner is confined at all, his confinement appears to be in Chicago, Illinois, not

Washington, D.C. Accordingly, this Court does not have jurisdiction over his habeas petition. *See See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also McLaren v. United States*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoners are incarcerated).

Petitioner previously filed a habeas petition in this Court on January 22, 2007 naming the same respondent, appearing to rely on the same underlying facts, and attaching the same letters to the Illinois Department of Human Services and Circuit Court of Cook County that were attached in this case. *See Grigsby v. Thomas*, Civ. A. No. 07-158 (exhibits to January 22, 2007 Petition for Writ of Habeas Corpus). After issuing an Order to Show Cause why the case should not be transferred, affording petitioner an opportunity to respond, and after receiving no response from petitioner, this Court transferred the case to the United States District Court for the Northern District of Illinois. As part of his new habeas petition, petitioner asks to transfer the case back to the United States District Court for the District of Columbia. Petitioner's only argument for why the case should not be in the Northern District of Illinois is that Judge Earl

Strayhorn is not a judge in Chicago any longer. Even if the Court were to construe his new case as the equivalent of a motion for reconsideration of the Court's order transferring the case, petitioner has not provided any basis for why this Court has jurisdiction over any habeas claim because petitioner has not identified a custodian in Washington, D.C. Moreover, petitioner's case is still pending in the United States District Court for the District of Illinois and that Court has instructed petitioner to file an amended complaint by September 28, 2007 if his case is not moot. It would be duplicative and a waste of judicial resources for this Court to consider the claims that are currently pending before the District Court in the Northern District of Illinois.

In his most recent habeas petition, petitioner appears to be asking the Court to call the City of Chicago Trust Office and also indicates that he would like to come to a hospital in Washington, D.C. with federal aid and provision from his trust. However, petitioner does not allege any wrong on the part of respondent to which these claims for relief pertain. If the Court construes the petition as a complaint as opposed to a habeas petition based on the apparent lack of any custody, then petitioner has failed to meet the requirements of Federal Rule of Civil Procedure 8(a). Petitioner has neither provided "a short and plain statement of the grounds upon which the Court's

3

jurisdiction depends" nor has he provided "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief. *Clements v. Gonzales*, Civ. A. No. 06-1809, 2007 U.S. Dist. LEXIS 53629, at *7 (D.D.C. June 27, 2007) (citations omitted). Plaintiff has not made any "showing" whatsoever of his entitlement to relief, nor has he provided "fair notice" of his claim or grounds for relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007).

To the extent that petitioner is challenging any actions of Judge Mary Thomas in her official capacity as a judge in his petition, Judge Thomas is immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Petitioner does not identify what actions respondent took in this case but he identified a ruling he disagreed with in his prior habeas petition. *See Grigsby*, Civ. A. No. 07-158 (January 22, 2007 Petition for Writ of Habeas Corpus).

Finally, if petitioner is not in fact seeking habeas relief and instead is seeking some relief based on a trust account maintained by the City of Chicago, petitioner has not provided any basis under which this Court has subject matter jurisdiction over this case or personal jurisdiction over the

4

respondent/defendant. He alleges no federal or constitutional basis for jurisdiction sufficient to satisfy 28 U.S.C. § 1331, nor does he allege any case or controversy in excess of $75,000 or against a diverse defendant as required by 28 U.S.C. § 1332. It appears that petitioner/plaintiff Grigsby and respondent/defendant Mary Thomas are both residents of Illinois so there is no diversity.

For all the foregoing reasons, petitioner's habeas petition is dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**September 14, 2007**

Notice to:

George Grigsby
1039 W. Lawrence
Chicago, IL 60640

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 13 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| George Grigsby, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 05CV1386 |
| | ) |
| Chicago Reed Hospital, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM

This matter is before the Court on initial review of petitioner's application for a writ of *habeas corpus*. Petitioner appears to be a resident of Chicago, Illinois. He names as respondent a hospital in Chicago, Illinois. There is no indication that petitioner is in federal or state custody. The prerequisite for habeas relief therefore is wanting. If petitioner is in custody, he must pursue his habeas remedy against his custodian. The proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). From all indications, petitioner's custodian (assuming there is one) is not within this Court's territorial jurisdiction. This Court therefore lacks jurisdiction to entertain the petition. Because petitioner's status is not at all clear, the Court will dismiss the case without prejudice to petitioner pursuing a remedy in Illinois. A separate Order accompanies this Memorandum.

_____
United States District Judge

Date:

FILED

JUL 1 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

George Grigsby,                )
                               )
          Petitioner,          )
                               )
     v.                        )   Civil Action No. 05CV1386
                               )
Chicago Reed Hospital,         )
                               )
          Respondent.          )

ORDER

For the reasons stated in the accompanying Memorandum, it is this 12th day of July 2005,

ORDERED that petitioner's application to proceed *in forma pauperis* [# 2] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED without prejudice for lack of jurisdiction.

_____
United States District Judge

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

G 08-869
RBW

## I (a) PLAINTIFFS
George Gullsby

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

pro se (N/A)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
George Gullsby
1039 W Lawrence
Chicago #60 Ill 60640

## DEFENDANTS
Judge Mary Thomas

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00869
Assigned To : Walton, Reggie B.
Assign. Date : 5/20/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☒ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☒ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

—O—

| ☑ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☑ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☑ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

_Because The Information_

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
_28 USC 2241 - Habeas_

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐     **DEMAND $** _____ Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY** N.F. (See instruction)   ☐ YES ☑ NO   If yes, please complete related case form.

**DATE** 5.20.08   **SIGNATURE OF ATTORNEY OF RECORD** _George Calligy_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd