_____

                                 )

**GEORGE GRIGSBY,**            )

                                 )

       **Petitioner,**         )

                                 )

       **v.**                ) **Civil Action No. 08-0869 (RBW)**

                                 )

**MARY THOMAS,**             )

                                 )

       **Respondent.**        )

_____)

## MEMORANDUM OPINION

In this action filed *pro se*, the petitioner seeks issuance of a writ of *habeas corpus* against a judge of the Circuit Court of Cook County, Illinois. Upon consideration of the petition, the Court determines that it lacks jurisdiction to entertain the petition and, therefore, will dismiss the case.

The petitioner appears to challenge his placement in a mental institution. *See* A Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241[,] 2254 at 1. Because the address listed in the petition appears to be a residence, *see id*. at 2, it is unclear if the petitioner is in custody for purposes of habeas relief. *See* 28 U.S.C. § 2241(c) (2010) (requiring some form of custody as the basis for seeking habeas relief). In any event, the petitioner's recourse lies in the judicial district having personal jurisdiction over his immediate custodian. *Rumsfeld v. Padilla,* 546 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). And, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its

territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

To the extent that the petitioner is challenging a judgment of the state court, his recourse is to

pursue relief under 28 U.S.C. § 2254 after he has exhausted his available state remedies. *See* 28

U.S.C. §2254(b)(1) (2010). Thereafter,

> an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Under either of the aforementioned provisions, this Court lacks jurisdiction

over this habeas action.[1]


_____s/_____
Reggie B. Walton
Date: October 12, 2010                    United States District Judge

---

[1]        A separate Order of dismissal accompanies this Memorandum Opinion.